972 F.2d 1352
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GRANCO-CLARK, INC., Plaintiff-Appellant,
v.
BELCO INDUSTRIES, INC., Defendant-Appellee.
 No. 91-1445.
 United States Court of Appeals, Federal Circuit.
 June 1, 1992.
Rehearing Denied June 26, 1992.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Granco-Clark, Inc. appeals from the summary judgment of the United States District Court for the Western District of Michigan (No. 1:90-CV-863, dated June 27, 1991) holding that Belco Industries, Inc. had not infringed United States Patent No. 3,837,794 ('794 patent). We affirm.
 
 DISCUSSION
 
 2
 Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, a court must draw all inferences from the underlying facts in the light most favorable to the nonmovant. See Avia Group International Inc. v. L.A. Gear California Inc., 853 F.2d 1557, 1560, 7 USPQ2d 1548, 1550 (Fed.Cir.1988). A nonmovant must do more than merely raise some doubt as to the existence of a fact adequately alleged in the papers of the movant. Evidence must be forthcoming from the nonmovant which would be sufficient to require submission to the jury of the dispute over the fact. Id.; Fed.R.Civ.P. 56(e). "In reviewing a district court's grant of summary judgment in a patent case, this court must review the record, to the extent presented to us by the parties, and essentially determine for itself whether the evidence is genuinely conflicting on material issues of fact and, if not, whether the movant is entitled to judgment on those facts." Avia Group, 853 at 1561, 7 USPQ2d at 1551.
 
 
 3
 The '794 patent relates to a method and apparatus for hearing articles.[1] The claims require that heated gases pass from the fired discharge chamber through the preheat chamber "in contact" with the billets to preheat them, with "additional gases" being provided to jet stream nozzles "to increase the heat transfer capabilities" of the heated gases in contact with the billets.
 
 
 4
 Belco showed by specific, objective, and quantitative evidence in its summary judgment motion that its large capacity recirculation fans draw virtually all of the heated gases from the fired discharge chamber and direct the gases against the billets by way of jet stream nozzles to preheat them, that the billets in Belco's furnace operation are not preheated by a concurrent flow of gases "in contact" with the billets from the fired discharge chamber through the preheat chamber as described in the patent, and that Belco does not direct "additional gases" to the billets in the preheating chamber as required by the claims of the '794 patent. Moreover, the function of gases being applied to the billets through the jet streams of Belco's furnace is to transfer heat directly to the billets, and not "to increase the heat transfer capabilities" of heated gases already present in the preheating chamber as required by the patent claims.
 
 
 5
 It was incumbent on Granco-Clark to present evidence sufficient to require submission to the jury of disputed facts. Avia Group, 853 at 1560, 7 USPQ2d at 1550. Although Granco-Clark's experts presented opinion testimony, the district court observed that these experts "provide[d] no concrete factual evidence to rebut the factual evidence set forth by [Belco] ..." and "provide[d] no rationale or explanation" for their conclusions. The court also stated that Granco-Clark "failed to provide factual support for its conclusion that [Belco's] substituted element--the more powerful, heat resistant recirculation fan/s--does not change the way in which the function of the furnace is performed."
 
 
 6
 The district court entered summary judgment of non-infringement for Belco based on its conclusion that Granco-Clark "failed to sustain its burden to demonstrate genuine issues of fact to rebut [Belco's] motion for summary judgment" and "has not bolstered its allegations with evidentiary support showing material factual dispute as to the issue of whether [Belco's] furnace infringes on the '794 patent."
 
 
 7
 We have carefully reviewed the record and considered the arguments of Granco-Clark but are not persuaded that the district court erred. Rule 56(c) of the Federal Rules of Civil Procedure specifically requires that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The existence of an alleged factual dispute will not necessarily defeat a motion for summary judgment. Anderson, 447 U.S. at 247-48. Rather, there must be no genuine issue of material fact. Id. at 248. Here, the conclusory opinion testimony of Granco-Clark's experts does not meet these requirements--that is, it did not set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Belco was therefore entitled to summary judgment that it did not infringe the claims of the '794 patent either literally or under the doctrine of equivalents.
 
 
 
 [1]
 Independent claim 1 requires:
 A method for heating articles to an elevated temperature comprising the steps of:
 passing said article serially through a preheating zone and a fired discharge zone;
 directing a burning combustible mixture of gases against said articles in said fired discharge zone to directly heat said articles in said fired discharge zone;
 passing the heated gases from said fired discharge zone through said preheat zone in contact with said articles therein for preheating the same; and
 turbulating said heated gases in said preheating zone at the surface of the articles by directing additional gases against the articles uniformly throughout the length of the preheating zone to increase the heat transfer capabilities of said heated gases in said preheating zone. (Emphasis added.)